UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALACHI CHAMBERS,

    Plaintiff-Petitioner,                Civil Case No. 20-10916
                                                       Honorable Linda V. Parker

v.

MICHAEL BOUCHARD, CURTIS D. CHILDS,
and OAKLAND COUNTY,

    Defendants-Respondents.
_____/

## OPINION AND ORDER

Plaintiff-Petitioner Malachi Chambers,[1] an inmate at the Oakland County Jail, filed a complaint under 42 U.S.C. § 1983 and habeas petition under 28 U.S.C. § 2241,[2] claiming that Defendants-Respondents are acting with deliberate indifference to the serious risk that COVID-19 poses to him. (ECF No. 23.) Plaintiff claims that he is a "medically-vulnerable" individual and, based on this, seeks "work release" or "home tether." (*Id.* at Pg. ID 305.)

In Plaintiff's Motion for Early Release from Oakland County Jail, filed on June 7, 2020, Plaintiff states that *Cameron v. Bouchard, et al.*, Case No. 2:20-cv-10949 LVP-MJH (2020) "is a companion class action lawsuit to this case" and

---

[1] The Court uses "Plaintiff" for ease of reference.
[2] As Plaintiff filed an Amended Complaint, the Court denied Defendants-Respondents' Motion to Dismiss the initial Complaint (ECF No. 8) as moot.

"Plaintiff Chambers has shown his situation is directly applicable to the facts and circumstances in *Cameron* for early release." (ECF No. 30 at Pg. ID 1000, 1002.) In an Opinion and Order issued on June 11, the Court noted that "the Sixth Circuit granted Defendants-Appellants' Renewed Emergency Motion to Immediately Stay Proceedings Pending Determination of Appeal" in *Cameron*. (ECF No. 33 at Pg. ID 1016.) The Court stayed the *Chambers* case, explaining that "[t]he Sixth Circuit's decision [in *Cameron*] prevents this Court from moving forward in the process of deciding whether any medically-vulnerable inmates at the Oakland County Jail should be released during the COVID-19 pandemic. This includes Plaintiff[]." (*Id.*)

This matter is before the Court on Plaintiff's Motion for Reconsideration to Lift Stay, filed on June 19. (ECF No. 34.) Plaintiff states that he "believes he made significantly different arguments regarding the issues concerning the Prison Litigation Reform Act (PLRA) . . . that were presented in *Cameron*." (*Id.* at Pg. ID 1018.) Plaintiff goes on to say: "[i]t is not a valid argument that because most inmates should be subjected to contracting C[OVID]-19 that all should be subjected to the same danger. The better argument is that if only one inmate could be protected, then certainly one being protected is better than none." (*Id.* at Pg. ID 1022-23.)

It is unclear if this is one of the "distinctive legal arguments" presented in *Chambers*, (*id*. at Pg. ID 1022), or if Plaintiff proffers this as a reason why the Court should reconsider the stay. Either way, the Court is unpersuaded. The outcome of *Cameron* could conclude this matter and will, at the very least, settle important issues of law related to *Chambers*' claims.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration to Lift Stay (ECF No. 34) is **DENIED**.

**IT IS SO ORDERED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: June 30, 2020