UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALACHI CHAMBERS,

       Plaintiff-Petitioner,               Civil Case No. 20-10916
                                                        Honorable Linda V. Parker

v.

MICHAEL BOUCHARD, CURTIS D. CHILDS,
and OAKLAND COUNTY,

       Defendants-Respondents.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING AS MOOT PENDING MOTIONS

Plaintiff-Petitioner Malachi Chambers, who was incarcerated at the Oakland County Jail, filed a complaint under 42 U.S.C. § 1983 and habeas petition under 28 U.S.C. § 2241, claiming that Defendants-Respondents are acting with deliberate indifference to the serious risk that COVID-19 poses to him. (ECF No. 23.) Plaintiff claims that he is a "medically-vulnerable" individual and, based on this, seeks "work release" or "home tether." (*Id.* at Pg ID 305.) Plaintiff seeks no other relief in this action. (*Id.* at Pg ID 313-14.) The Court has been made aware, however, that Plaintiff has been released from custody.

"To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the

complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)) (additional citation omitted). "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 530 (6th Cir. 2001). "'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). This occurs, and the court's jurisdiction abates, when "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur," and "(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id.* (internal quotation marks and citations omitted). "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." *Id.*

Plaintiff's release from the Oakland County Jail has "eradicated the effects of the alleged violation[s in his Amended Complaint]." *Id.* The Court presumes that Plaintiff will not return to jail and thus there is no reasonable expectation of a recurrence of the alleged violation. Under these circumstances, there is no basis for the Court to provide Plaintiff injunctive relief—the only relief sought in this

2

action. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that prisoner's claim for injunctive relief related to his conditions of confinement were moot when he was no longer confined to the institution where the alleged constitutional violation occurred); *Penland v. Warren Cnty. Jail*, 759 F.2d 524, 526 n.1 (6th Cir. 1985) (finding that the plaintiffs' release from county jail rendered moot their request for injunctive relief to remedy the conditions of confinement at the jail).

The only justification Plaintiff provides for keeping this action alive is to preserve his right to seek attorney fees if there is ultimately a favorable ruling for the plaintiffs in a related class action, *Cameron v. Bouchard*, Civil Case No. 20-10949 (E.D. Mich. filed April 17, 2020). (*See* ECF No. 37 at Pg ID 1031-32.) However, this is not a basis for keeping a moot case—for which subject matter jurisdiction is therefore lacking—alive. Moreover, at this juncture, the plaintiffs have not prevailed in *Cameron*. *See Cameron v. Bouchard*, 815 F. App'x 978 (6th Cir. 2020). To the extent they are successful in the future, this does not render Plaintiff a "prevailing party" for purposes of a fee award under 42 U.S.C. § 1988, as he, no longer a jail inmate, is incapable of obtaining the only relief he seeks

3

here.[1] *See Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980) (defining "prevailing party" as one who obtains some relief on the merits of his claim").

Accordingly,

**IT IS ORDERED** that this matter is **DISMISSED** on mootness grounds.

**IT IS FURTHER ORDERED** that the pending motions (ECF Nos. 27 & 30) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 8, 2021

---

[1] The Sixth Circuit has found a plaintiff to be a prevailing party where the plaintiff "'is found to be the 'catalyst' which causes the defendant to make significant changes in its past practices, though no direct relief is obtained.'" *Loudermill v. Cleveland Bd. of Educ.*, 844 F.2d 304, 312 (1988) (quoting *Othen v. Ann Arbor Sch. Bd.*, 699 F.2d 309, 313 (6th Cir. 1983)) (emphasis removed). Plaintiff is not seeking changes to Defendants' policies in this lawsuit, however. His only request for relief was his release from the Oakland County Jail. (*See* ECF No. 23 at Pg ID 313-14.)